UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**NORMAN B. LAWRENCE**                                              **CIVIL ACTION**

**VERSUS**                                                                    **No. 09-6906**

**SLIDELL WELDING SERVICE, INC.**                           **SECTION I/1**

### ORDER AND REASONS

Before the Court is a motion for reconsideration filed by defendant and third-party plaintiff, Slidell Welding Service, Inc. ("Slidell Welding").[1]  Third-party defendant, Great American E&S Insurance Company ("Great American"), opposes the motion.  For the following reasons, the motion is **DENIED**.

### *BACKGROUND*

On October 19, 2009, plaintiff, Norman B. Lawrence ("Lawrence"), filed a lawsuit against Slidell Welding raising employment discrimination and intentional infliction of emotional distress claims.  Lawrence also asserted that Slidell Welding was liable under respondeat superior for its failure to train its supervisors not to engage in illegal conduct.[2]  Plaintiff, an African-American male, alleged that employees and managers at Slidell Welding created "[a]n overwhelmingly hostile, racially charged environment . . . ."[3]

On December 18, 2009, Slidell Welding answered plaintiff's complaint and filed a third-party complaint against its commercial liability insurer, Great American.[4]  Slidell Welding alleged that plaintiff's claims are covered by its insurance policy and that Great American has a

---

[1] R. Doc. No. 38.
[2] R. Doc. No. 1.
[3] R. Doc. No. 1, para. 9.
[4] R. Doc. No. 9, p. 11.

1

duty to defend.[5] On April 9, 2010, Great American filed a motion for judgment on the pleadings arguing that it had no duty to defend or indemnify Slidell Welding against plaintiff's claims because coverage is excluded under the policy's employment-related practices exclusion and because plaintiff's injury does not constitute an "occurrence" under the policy.[6]

The policy's employment-related practices provision provides:

> This insurance does not apply to:
> "Bodily injury"[7] to:
> 1. a person arising out of any:
>     a) refusal to employ that person;
>     b) termination of that person's employment; or
>     c) employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation or discrimination directed at that person.[8]

In its order granting Great American's motion for judgment on the pleadings, the Court concluded:

> Although [Slidell Welding] has cited cases from other jurisdictions, courts in Louisiana interpreting identical language have found claims, both under federal and state anti-discrimination laws, similar to plaintiff's hostile work environment claims to be excluded by an [employment-related practices exclusion]. *See Adams v. Pro Sources, Inc.*, 231 F.Supp.2d 499, 503 (M.D.La. 2002) (finding that plaintiff's claims based on a hostile work environment and retaliation were "clearly excluded" by the policy's employment-related practices exclusion) (citing *Lawson v. Straus*, 673 So.2d 223, 225-26 (La.Ct.App. 4 Cir. 1996)); *Devillier v. Fidelity & Deposit Co. of Maryland*, 709 So.2d 277, 281 (La.App. 3 Cir. 1998); *see also Oak Ridge Park, Inc. v. Scottsdale Ins. Co.*, 234 F.3d 706, 2000 WL 1598042, at *2 (5th Cir. 2000).
>
> A review of the allegations made in plaintiff's complaint and the language of the insurance policy, itself, reveals that the plain and unambiguous language of the policy excludes coverage in this

---

[5] R. Doc. No. 9, p. 12.
[6] R. Doc. No. 16.
[7] Great American did not argue that coverage should be excluded because plaintiff's claims did not constitute a "bodily injury."
[8] R. Doc. No. 9-2, p. 12.

2

> matter. Plaintiff alleges that while at [Slidell Welding] he was subject to severe harassment and discrimination through the creation of a hostile work environment. The plain language of the policy excludes coverage for employment-related acts or omissions including "harassment, humiliation or discrimination." Such language expressly and unambiguously excludes coverage for the claims raised by plaintiff. As noted above, "[w]hen the words of the contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." La. Civ. Code art. 2046. Accordingly, [Slidell Welding's] coverage claim is precluded by the [employment-related practices exclusion].

Because the Court determined that the employment-related practices exclusion precluded coverage, the Court did not address Great American's argument that an "occurrence" had not occurred under the policy.

*LAW AND ANALYSIS*

Motions requesting reconsideration of court orders generally fall under Rule 59(e) or Rule 60 of the Federal Rules of Civil Procedure. *See Ford v. Troyer*, No. 97-890, 1997 WL 731945, at *1 (E.D. La. Nov. 21, 1997). While the Federal Rules of Civil Procedure do not specifically recognize a motion for reconsideration, "[a]ny motion termed as such will be treated as either a motion to alter or amend the judgment under Rule 59(e) or a motion for relief from judgment under Rule 60(b)." *Harrington v. Runyon*, No. 96-60117, 1996 WL 556754, at *1 (5th Cir. Sept. 3, 1996)(citing *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990)).

If a motion for reconsideration is filed within twenty-eight[9] days of the entry of the order or judgment being challenged, "it will be treated as a 59(e) motion; if it is filed after [twenty-eight] days, it will be treated as a 60(b) motion." *Id.* (citing *Forsythe v. Saudi Arabian Airlines*

---

[9] On December 1, 2009, the time period for filing a motion under Rule 59(e) was extended from ten to twenty-eight days. Fed. R. Civ. P. 59(e).

*Corp.*, 885 F.2d 285, 288 (5th Cir. 1989); *Harcon Barge Co. v. D&G Boat Rentals, Inc.*, 784 F.2d 665, 667-69 (5th Cir. 1986)). A Rule 60(b) motion is governed by more exacting substantive requirements than a Rule 59(e) motion. *Lavespere*, 910 F.2d at 174. Plaintiff's motion for reconsideration was filed more than twenty-eight days after entry of the order being challenged. Accordingly, a Rule 60(b) analysis is appropriate.

"Rule 60(b) relief will be afforded only in 'unique circumstances.'" *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 287 (5th Cir. 1985) (quoting *Wilson v. Atwood Group*, 725 F.2d 255, 257, 258 (5th Cir. 1984)). The party seeking relief from a judgment or order bears the burden of demonstrating that the prerequisites for such relief are satisfied. *See Motorola Credit Corp. v. Uzan*, 561 F.3d 123, 127 (2d Cir. 2009). A district court must exercise its sound discretion in deciding a Rule 60(b) motion. *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. Unit A Jan. 1981). Rule 60(b) provides for relief from a final judgment, order, or proceeding in the following limited circumstances:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic),
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "[C]lause (6) is a grand reservoir of equitable power to do justice in a particular case when relief is not warranted by the preceding clauses." *FDIC v. Yancey Camp Development*, 889 F.2d 647, 648 (5th Cir. 1989). *Representatives, Inc. v. Employers Reinsurance Corp.*, 653 So.2d 27, 29 (La.App. 1 Cir. 1995)).

4

First, Slidell Welding argues that the Court should reconsider its finding that Great American had no duty to defend Slidell Welding because plaintiff's "claims of alleged intentional tortious acts of [Slidell Welding's] employees, which at trial could be determined to be claims grounded in negligence rather than intentional tort . . . trigger coverage under the policy."[10]  This argument is based on *Lawson v. Straus*, 684 So. 2d 959 (La. App. 4th Cir. 1996), a case involving an intentional act policy exclusion rather than an employment-related practices exclusion.[11]  Plaintiff does not address this distinction.  *Lawson* is plainly distinguishable from this case and *Lawson* does not give the Court occasion to reconsider its earlier order.

Second, Slidell Welding argues that plaintiff's "charges made against [Slidell Welding] of negligent hiring/supervision, vicarious liability and respondeat superior also trigger coverage."[12]  Slidell Welding states that "an intentional injury inflicted by an employee does not preclude coverage for the vicarious liability of the employer."  Slidell Welding relies upon *Brown v. Menzer*, No. Civ.A 99-0790, 2000 WL 1210824 (E.D. La. Aug. 24, 2000) and related Louisiana cases to support this argument.[13]  Nevertheless, even if the Court were to assume that such argument is correct, Slidell Welding fails to discuss the operation of the employment-related practices exclusion with respect to such argument.  This Court's previous order found that the employment-related practices exclusion barred coverage.  Slidell Welding's second argument does not provide the Court with a reason to call such conclusion into question.

Third, Slidell Welding argues that in the event that the Court denies the motion for reconsideration, the Court should clarify its June 25, 2010.  Specifically, Slidell Welding

---

[10] R. Doc. No. 37-1, pg. 3.

[11] *Lawson* does involve a similar "business pursuits" exclusion, however, Slidell Welding does not discuss such exclusion.  Nevertheless, the Court concludes that Lawson does not impact the Court's earlier order.

[12] *Id.*

[13] Although a portion of the *Brown* case discusses an employment-related practices provision, Slidell Welding makes no mention of that aspect of the case.  Instead, Slidell Welding cites to the portion of the case which discusses an intentional acts exclusion.  Nevertheless, the Court concludes that *Brown* does not impact the Court's earlier order.

5

      requests explicit clarification from the Court that, in denying coverage under the ERPE for all acts alleged against [Slidell Welding], the Court implicitly found all allegations against [Slidell Welding] to fall within the category of federal and state anti-discrimination claims, therefore, precluding Plaintiff's state law tort claims, claims for negligent hiring/supervision, and claims for vicarious liability and respondeat superior.[14]

The Court clarifies such order only to the extent that it did not explicitly state that all of the claims alleged in plaintiff's complaint turn on employment-related practices. In other words, plaintiff's claims based on federal and state anti-discrimination laws and his claims based on intentional infliction of emotional distress, failure to train, negligent hiring supervision, and theories of vicarious liability or respondeat superior turn on employment-related practices. In a case cited by the Court in its earlier order, the United States District Court for the Middle District of Louisiana determined that an employment-related practices exclusion could preclude an employer's coverage for claims based upon federal and state anti-discrimination laws and state tort law. *Adams v. Pro Sources, Inc.*, 231 F. Supp. 2d 499, 504-05 (M.D. La. Oct. 9, 2002). Slidell Welding cites no authority and makes no argument that calls that conclusion into question.[15]

## CONCLUSION

Accordingly, for the aforementioned reasons, Slidell Welding's motion for reconsideration is **DENIED**.

New Orleans, Louisiana, January  5th , 2011.

                                              LANCE M. AFRICK
                                            **UNITED STATES DISTRICT JUDGE**

---

[14] R. Doc. No. 37-1, pg. 10.

[15] To be clear, the Court explicitly states that its previous order did not "implicitly [find] all allegations against [Slidell Welding] to fall within the category of federal and state antidiscrimination claims . . . ."[15] As such, neither the June 25, 2010 order nor the present order have any impact on any of plaintiff's claims against Slidell Welding.